HORNSBY v. SOUTH CAROLINA RAILWAY COMPANY.

1. In action by a car coupler against his employer, a railroad company,
   there being some evidence tending to establish the negligence charged
   in the complaint, the Circuit Judge properly refused a non-suit.

2. If, after motion made by defendant for non-suit, the plaintiff is per-
   mitted to take the witness stand and give additional testimony, the
   Circuit Judge does not thereby commit any error of law; for this is a
   matter that rests in the discretion of the trial judge.

3. This court has no jurisdiction to review the refusal of the Circuit Judge
   to grant a motion for new trial where it was based upon the ground of
   insufficiency of evidence.

Before FRASER, J., Richland, April, 1886.

The opinion states the case.

*Mr. J. C. Haskell*, for appellant.

*Messrs. J. Q. Marshall* and *B. L. Abney*, contra.

February 28, 1887. The opinion of the court was delivered by
MR. JUSTICE McIVER. The plaintiff brought this action to

recover damages for an injury sustained by him, while in the service of the defendant as a car coupler. His allegation is that the injury was caused by the negligence of the company in failing to supply suitable appliances to enable him to perform the work for which he was employed with reasonable safety, in that the bumper of one of the cars which he was required to couple to the engine was old, worn out, and in such defective condition, as that in attempting to do the work assigned him he received the injury complained of, by reason of the defective condition of the bumper. At the close of the testimony on behalf of the plaintiff, the defendant submitted a motion for a non-suit upon which argument was heard. "After the argument of counsel was closed, plaintiff's attorney several times addressed the court, insisting that the evidence should be corrected, or plaintiff should be put upon the stand again, the evidence being taken by plaintiff's assistant, Mr. Muller, at the suggestion and with the consent of defendant's counsel, to relieve the presiding judge. This I several times declined to do, and as I desired to examine the testimony as taken down, the usual time for recess for dinner having arrived, I took the papers and adjourned until after recess. At the reopening of the court, his honor began to announce his decision, and again plaintiff's attorney renewed his demand to have evidence corrected or plaintiff returned to the stand. This his honor again refused, but upon renewed demand allowed, having previously stated, in plaintiff's presence, the exact evidence which would save the case from a nonsuit, and on the very point as to which there was a dispute between counsel. This evidence was then furnished, and plaintiff was allowed, against the urgent objection of defendant, to give the additional evidence needed, the defendant declining to cross-examine. The motion for non-suit was refused."

The Circuit Judge adds: "There was a good deal of earnestness on the part of counsel on both sides and some irregularity in the way in which plaintiff's counsel urged his claim, due to his great zeal in the case. It was not a claim to introduce *new testimony*, but to show what the testimony had been. I had not taken down the testimony myself, and a good deal of it was taken in a manner (and the witness standing by the bumper) to en-

lighten the jury more than the presiding judge. I was for some time at a loss to decide whether I should not hold the parties to the testimony as taken down by Mr. Muller, but finally came to the conclusion that the ends of justice required me to allow the plaintiff again to go on the stand and let the jury determine, under all the circumstances, to how much credit he was entitled. Mr. Muller, who took the testimony, was not a stenographer. While I did indicate as clearly as I could what I considered defects in the plaintiff's case, it was to the case as shown by the testimony of Mr. Muller, which plaintiff's counsel earnestly contended was not correctly taken down. I did not reverse any ruling I made in the case."

The defendant having offered its testimony, the case was submitted to the jury who rendered a verdict in favor of the plaintiff for two thousand dollars, whereupon a motion for new trial, on the ground of the insufficiency of the evidence, was made, which was refused. The defendant appeals upon the following grounds: "1st. That his honor erred in refusing the motion for a non-suit. 2nd. That his honor erred in allowing the plaintiff to be recalled and examined on his own behalf, after motion for non-suit had been fully argued, and after his honor had refused to allow him to be recalled and had, in plaintiff's presence, stated that the decision on the motion for a non-suit would turn upon the disputed evidence. 3rd. That his honor erred in allowing plaintiff, on being recalled, to give additional evidence to that which was disputed. 4th. That his honor erred in refusing a new trial."

It seems to us very clear that there was at least *some* testimony tending to establish the facts necessary to the maintenance of the plaintiff's action, and when that is the case, the rule is well settled that a non-suit cannot properly be granted. Whether the testimony on behalf of the plaintiff was *sufficient* to establish these facts, is a question which cannot be considered on a motion for non-suit. Even granting that there were gross discrepancies in the plaintiff's own testimony, or that his account of the manner in which he received the injury was so highly improbable as to become almost impossible, yet that would not deprive his testimony of the character of testimony, however much it might affect

his credibility as a witness. If the judge had been entirely satis-
fied in his own mind that the plaintiff was wholly unworthy of
credit, that would not have justified him in granting the motion
for non-suit, provided his testimony even tended to establish his
cause of action, as it undoubtedly did; for nothing can be more
firmly settled than that it is for the jury, and not for the judge,
to determine the weight and sufficiency of the testimony adduced,
as well as the credit which is to be given the witnesses. We do
not think, therefore, that there was any error in refusing the
motion for non-suit.

The second and third grounds of appeal will be considered
together. Indeed, from the report of the Circuit Judge it does
not appear that there is any foundation in fact for the third
ground of appeal, for he says, in speaking of what occurred when
the plaintiff was permitted to go back on the stand: "It was not
a claim to introduce *new testimony*, but to show what the testi-
mony had been." But even assuming that the plaintiff when put
back on the stand was permitted to supplement his previous tes-
timony by additional facts, we still do not think that there was
any error in the course pursued by the Circuit Judge; for it is
well settled that, even in a criminal case, as well as in civil cases,
"the conduct of a case in the Circuit Court, so far as relates to
the time when testimony may be introduced, must be left to the
discretion of the Circuit Judge, to be governed by the particular
circumstances of each case." *State* v. *Clyburn*, 16 *S. C.*, 378,
and the cases therein cited. In three of those cases (viz., *Brown-
ing* v. *Huff*, 2 *Bail.*, 179; *Poole* v. *Mitchell*, 1 *Hill*, 404, and
*Kairson* v. *Puckhaber*, 14 *S. C.*, 627), the additional testimony
was allowed after motion for non-suit had been made, and in one
of them, even after argument of that motion, and after the judge
had expressed his opinion in favor of the motion, and this doctrine
has been recognized in the very recent case of *Shepperd* v.
*Traders' National Bank of Boston*, 23 *S. C.*, 601.

It may be that the plaintiff, when recalled, availed himself of
the opportunity to supply what he had discovered from the inti-
mations of the judge to be defects in his previous testimony, as
was earnestly urged by the counsel for the appellant; but even if
this were so, it would not affect the *legality* of the course pursued

by the Circuit Judge, however much it might impair the credibility of his testimony. On the other hand, we can very well understand how the gentleman who was taking down the testimony, even if he had been the most expert stenographer, might have failed to take all that the witness said on his first examination, under the circumstances; for it appears that a model of the defective bumper was placed before the jury and the witness in giving his testimony stood by it, showing the jury the manner in which he received the injury, and we can very well understand how a part of the testimony of the witness, consisting as it did partly of his words and partly of his demonstrations to the jury as to the working of the bumper and the links by which the cars were coupled, might have escaped the attention of the person taking down the testimony as well as that of the presiding judge. At all events, as we have seen, this was a matter for the discretion of the Circuit Judge which, beyond all question, was exercised fairly and impartially, and no doubt wisely.

As to the fourth and last ground of appeal, it is only necessary to say that it is too well settled now to admit of further inquiry, that this court has no jurisdiction to review the action of a Circuit Judge in refusing a motion for a new trial based solely upon the ground that the evidence is insufficient to support the verdict. As far back as the case of *The State* v. *Cardoza* (11 *S. C.*, 195), it was held that this court has no jurisdiction to inquire into the weight or sufficiency of the evidence to support a verdict, but that the proper place to institute such inquiries is in the Circuit Court, by a motion for a new trial, and its decision "is final and conclusive," unless it is shown that some error of law has been committed. Now, as we have held in considering the first ground of appeal, that there was *some* evidence to sustain the plaintiff's case, the weight and sufficiency of which was to be passed upon by the jury, subject to review by the Circuit Judge only, we cannot say that any error of law has been committed in refusing the motion for a new trial.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.